## JOHN SAWYER vs. DANIEL B. WHITTIER.

*In an action against a sheriff for a false return, the particular damage resulting to the plaintiff from the falsity of the return must be alleged in the declaration; and the want of such allegation is not aided by a verdict, but judgment must be arrested.*

THIS was an action of the case. The plaintiff alleged in his declaration, that *J. Kimball* and *D. Tewksbury*, by the consideration of the justices of the court of common pleas in this county, holden on the first Tuesday of September, 1814, recovered judgment against the plaintiff for $367 46 damage, and $9 16 costs of suit, as by the record, &c. and that said *K. & T.* on the 19th September, 1814, sued out execution in due form of law, directed &c., and among other things commanding that of the goods, chattels, or lands &c. and returnable to said court on the last Tuesday of February, 1815; and on the 7th October 1814, the said *K. & T.* delivered the same writ of execution to the defendant, then and long afterwards a deputy sheriff under *T. A. Edson*, sheriff, &c. to be executed; and on the same day the said *Daniel B.* extended the said execution upon a tract of land of said *Sawyer*, lying in Grafton and bounded, &c., and thereafterwards the said *D. B. Whittier*, wickedly intending to injure and defraud the plaintiff, made return of said execution to said court of common pleas on the last Tuesday of February, 1815, with a false return of his doings therein endorsed on said execution in the words and figures following, viz., &c. The whole return was set out, and among others contained these words; " *Samuel Gile* was ap- " pointed and chosen appraiser by the said *Sawyer*, the debt- " or." It was then averred that in truth and in fact, he the said *Sawyer* did not choose or appoint the said *Samuel Gile* an appraiser, as the said *Daniel B.* in his return of his doings on said writ has alleged, but the said *Daniel* falsely made the said return that the said *Samuel Gile* was appointed and chosen an appraiser by the said *Sawyer*, which is to the damage, &c.

The cause was tried here at May term, 1819, on the general issue, and a verdict returned for the plaintiff with $150 damages.

*R. Fletcher*, for the defendant, moved arrest of judgment.

*P. Noyes*, for the plaintiff.

RICHARDSON, C. J. delivered the opinion of the court.

The defendant has moved the court to arrest the judgment in this case, and the motion must prevail, unless every fact essential to a good title is either expressly stated, or necessarily implied from what is stated in the declaration. The action is case for a false return. The very gist of it is the damage resulting from the falsity of the return. The plaintiff has alleged in his declaration that the return is false, but has alleged no particular damage by him sustained by reason of the falsity of it. It was not then competent for him to offer to the jury evidence of any special damage; and if damages must not necessarily be intended to have resulted from the falsity of the return, the judgment must be arrested. 1 *Chitt. Pl.* 389.—11 *John.* 141, *Pangburn vs. Ramsay.*

We are now considering the declaration after a verdict, and every intendment is to be made in its favor. But after having considered it with the utmost attention, we are of opinion that its defects are beyond the reach of any legal intendment. It is by no means to be intended that the plaintiff has sustained damages because the return is false. The plaintiff might have refused to choose an appraiser, and the appraiser might on that account have been chosen by the defendant. If such were the fact, the plaintiff has sustained no damage, for if the truth had been returned, the extent would have been equally valid. So the officer may have returned by mistake the appraiser chosen by the creditor, as chosen by the debtor, and vice versa, which mistake could not in the least prejudice the plaintiff. The case of *Boles vs. Lassells*, (1) is an authority to shew that without some damage the action cannot be maintained. In that case the sheriff, having arrested a debtor, returned that he was sick in prison when he had in fact let him go at large upon bail. In an action for this false return, the court said " when " he executed the writ and took bond according to the stat- " ute, and returned that he took him, it is not *material* to the " plaintiff, though he returns *languidus*," &c.

*Judgment arrested.*

(1) Cro. Eliz. 852.